IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFRED ASHFORD, JR., | : | |
|     Petitioner | : | |
| | : | No. 1:23-cv-01673 |
|     v. | : | |
| | : | (Judge Kane) |
| DAUPHIN COUNTY PRISON, et al., | : | |
|     Respondent | : | |

**MEMORANDUM**

Petitioner Alfred Ashford, Jr. ("Petitioner"), who appears to be a pretrial detainee confined at the Dauphin County Prison in Harrisburg, Pennsylvania, has petitioned the Court for a writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241 ("Section 2241"). (Doc. No. 1.) He challenges his ongoing state court criminal proceedings and requests that the Court dismiss his pending charge and immediately release him from prison. (Id.) Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. § 2254, which is applicable to Section 2241 petitions under Rule 1(b), the Court has given his petition preliminary consideration. For the reasons set forth below, the Court will dismiss his petition.

**I.     BACKGROUND**

On October 10, 2023, Petitioner commenced the above-captioned action by filing his Section 2241 petition (Doc. No. 1) and a motion for leave to proceed in forma pauperis (Doc. No. 2). Following the issuance of two (2) Fifteen (15)-Day Administrative Orders (Doc. Nos. 4, 5), Petitioner filed his prisoner trust fund account statement (Doc. No. 6). The Court, having reviewed Petitioner's motion (Doc. No. 2) and trust fund account statement (Doc. No. 6), will grant him leave to proceed in forma pauperis (Doc. No. 2) and will deem his Section 2241 petition (Doc. No. 1) filed.

In his petition, Petitioner explains that he is being held on a probation detainer for a new criminal charge. (Doc. No. 1 at 1, 8.) In support, he cites to the docket number of his criminal case, CP-22-CR-0001068-2023. (Id. at 1.) The Court takes judicial notice of the docket sheet in his criminal case, which is available through the Unified Judicial System of Pennsylvania Web Portal at https://ujsportal.pacourts.us/CaseSearch. See Commonwealth v. Ashford, CP-22-CR-0001068-2023 (Dauphin Cnty. Ct. Com. Pl., filed March 21, 2023). The docket sheet reflects that Petitioner is awaiting "Plea Court" on his pending criminal charge of failing to register with the Pennsylvania State Police. (Id.) And, most recently, the docket sheet reflects an annotation for January 9, 2024, that "Plea Court [was] Continued[.]" See id.

In connection with his pending criminal charge, Petitioner asserts a variety of allegations. (Doc. No. 1.) He alleges that he was not made aware by his sentencing judge in 2020 of the rules, regulations, or stipulations of either his probation or his registration requirements under Megan's Law. (Id. at 2–4, 7.) In support, he claims that he suffers from physical and mental disabilities and that no one explained to him "the particulars" of his probation. (Id. at 3, 5; id. at 4 (stating that he cannot comprehend lengthy statements in forms).) Petitioner also claims that, at the time he signed his probation forms, he was under duress because he was told to sign the forms or go back to prison. (Id. at 5.) In connection with all of these allegations, Petitioner requests that the Court release him from Dauphin County Prison, dismiss his pending criminal charge, and order Dauphin County Probation officials to implement a legal protocol for mentally disabled individuals whereby a witness will be present to explain any paperwork that needs to be signed. (Id. at 8.)[1]

---

[1] In addition to Petitioner's allegations concerning his probation and Megan's Law requirements, Petitioner alleges that he is under the care of a podiatrist, Dr. Allen Grossman, and that Dauphin County Prison is unable to accommodate his medical needs, as well as his mental

**II.     LEGAL STANDARD**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2254.  Rule 4, which is applicable to Section 2241 petitions under Rule 1(b), provides in pertinent part as follows: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  See Rule 4, 28 U.S.C. § 2254; Rule 1, 28 U.S.C. § 2254 (stating that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)[,]" i.e., Section 2254 petitions).

**III.    DISCUSSION**

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy[.]" Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 1975) (citations and footnote omitted).  That being said, federal district courts have pretrial habeas corpus jurisdiction if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  See 28 U.S.C. § 2241(c)(3).  As explained by the United States Court of Appeals for the Third Circuit ("Third Circuit"), however, such pretrial jurisdiction "without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present."  See Moore, 515 F.2d at 443

---

needs.  (Doc. No. 1 at 7, 8.)  In support, Petitioner explains that Dauphin County Prison is understaffed and that he is in his cell for twenty-three (23) hours and forty-five (45) minutes a day for at least five (5) days a week.  (Id.)  To the extent that Petitioner seeks to challenge the conditions of his confinement at Dauphin County Prison, the Court notes that habeas corpus is not the proper vehicle for doing so.  See, e.g., Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (distinguishing between habeas corpus relief and civil rights actions filed under 42 U.S.C. § 1983).  Petitioner is free, of course, to pursue a properly filed civil rights complaint.  In fact, Petitioner has already filed a civil rights complaint in this Court concerning his conditions of confinement at Dauphin County Prison.  See Ashford v. Prime Care Medical, No. 1:23-cv-01671 (M.D. Pa. filed Oct. 10, 2023).

(collecting cases). And, where no extraordinary circumstances are present, federal district courts are to only exercise such pretrial jurisdiction if a petitioner makes "a special showing" of the need "to litigate the merits of a constitutional defense to a state criminal charge[,]" and the petitioner "has exhausted state remedies." See id. (citation omitted).

Here, Petitioner has neither alleged nor shown that he exhausted his state court remedies or that such state court remedies were unavailable to him. See (Doc. No. 1). In addition, Petitioner's state court docket sheet reveals that he has not yet exhausted his state court remedies.[2] See Commonwealth v. Ashford, CP-22-CR-0001068-2023 (Dauphin Cnty. Ct. Com. Pl., filed March 21, 2023). Petitioner, however, was required to do so before commencing suit in this Court. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that, before seeking federal habeas relief, a "state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights" (citations, internal citation, and internal quotation marks omitted)); Mathias v. Superintendent Frackville SCI, 876 F.3d 462, 479 (3d Cir. 2017) (explaining that, "[t]o satisfy this requirement, a petitioner must 'fairly present' his federal claim's 'factual and legal substance

---

[2] At most, there is an annotation on the state court docket sheet that reads, as follows: "Post Conviction Collateral Relief Dist. Per Rule 576(A)(4)." See Commonwealth v. Ashford, CP-22-CR-0001068-2023 (Dauphin Cnty. Ct. Com. Pl., filed March 21, 2023). Pennsylvania Rule of Criminal Procedure 576(A)(4) instructs that when "a defendant is represented by an attorney, if the defendant submits for filing a written motion, . . . not . . . signed by the defendant's attorney, the clerk of courts shall accept it for filing, time stamp it with the date of receipt and make a docket entry reflecting the date of receipt, and place the document in the criminal case file." See Pa. R. Crim.P. 576(a)(4). In addition, "[a] copy of the time stamped document shall be forwarded to the defendant's attorney and the attorney for the Commonwealth[.]" (Id.) There is no indication, however, that this post-conviction filing has been resolved by the state court or that Petitioner has pursued a direct appeal following any conviction, should his criminal case result in one. Thus, Petitioner still has an opportunity to obtain meaningful redress at the state court level.

4

to the state courts in a manner that puts them on notice that a federal claim is being asserted'" (quoting Robinson v. Beard, 762 F.3d 316, 328 (3d Cir. 2014))).

Accordingly, because Petitioner has not exhausted his state court remedies, the Court must next determine whether he has shown any extraordinary circumstances that would warrant this Court's review of his constitutional claims before the state courts have had the opportunity to do so.  The Third Circuit has noted that, under the appropriate situations, extraordinary circumstances might reveal "delay, harassment, bad faith or other intentional activity[.]"  See Moore, 515 F.2d at 447 n.12.

Here, Petitioner has asserted a federal habeas challenge on the basis that he was not aware of the rules, regulations, or stipulations of his probation or registration requirements under Megan's Law.  (Doc. No. 1 at 2–4, 7.)  Even when liberally construed, the Court finds that Petitioner's habeas challenge has not demonstrated any extraordinary circumstances that would warrant this Court's exercise of pretrial habeas corpus jurisdiction.  In addition, the Court notes that, in connection with his unexhausted claims, Petitioner is not seeking to enforce the state's duty to afford him a trial, but rather, he is seeking to disrupt that duty by preventing a trial (or "Plea Court") from happening in the first place.  (Doc. No. 1 at 8 (containing Petitioner's Section 2241 petition wherein he seeks, inter alia, dismissal of his criminal charge and immediate release from Dauphin County Prison); see Moore, 515 F.2d at 445–46 (cautioning against the exercise of federal habeas corpus review where a petitioner is attempting to "abort a trial in the state courts" by seeking dismissal of the pending state charges, as it would authorize pretrial interference by the federal district court in the ordinary functioning of the state court criminal process).

Thus, for all of these reasons, the Court concludes that Petitioner is not entitled to the pretrial relief that he seeks in his Section 2241 petition.  The Court will, therefore, dismiss his

petition, but without prejudice to him refiling it once the state courts have had the opportunity to consider his claims.  See generally Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992), cert. dismissed, 113 S. Ct. 1071 (1993) (instructing that "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings"); Parker v. Kelchner, 429 F.3d 58, 61 (3d Cir. 2005) (explaining that, "[b]y requiring exhaustion, federal courts recognize that state courts, no less than federal courts, are bound to safeguard the federal rights of state criminal defendants" (citation and internal quotation marks omitted)).

## IV.   CONCLUSION

To conclude, the Court has given the instant Section 2241 petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases and that review reveals that the petition is subject to dismissal.  Specifically, the Court finds that there are ongoing state court criminal proceedings and that Petitioner has not exhausted his state court remedies or otherwise shown any extraordinary circumstances that would warrant pretrial habeas corpus review without exhaustion.  In addition, the Court will not issue a certificate of appealability because jurists of reason would not debate this procedural ruling.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (stating that when a habeas corpus petition is denied on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling"). Accordingly, the Court will dismiss the petition, but without prejudice to Petitioner renewing the same after he has availed himself of the remedies afforded by state law.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania